## F. I. GARDINER & COMPANY, Appellees, v. L. G. HAYWARD, Appellant.

**REFERENCE:** Report as Special Verdict. The report of a referee as to the facts, especially when confirmed by the court, has the force and effect of a verdict by a jury. (Sec. 3741, Code, 1897.)

*Appeal from Cherokee District Court.*—WILLIAM HUTCHINSON, Judge.

### OCTOBER 26, 1920.

ACTION by plaintiff on account. The defense was a general denial, and a counterclaim on account. The case was sent to a referee, who heard the evidence and reported his findings. Over the objections of the defendant, these findings were approved, and judgment entered accordingly. The defendant appeals.—*Affirmed.*

*J. A. Miller,* for appellant.

*Molyneux & Maher* and *Guy J. Tomlinson,* for appellees.

EVANS, J.—The plaintiff was a dealer in building material. The defendant was a general contractor. The plaintiff sued on account for a balance due of $1,210. The defendant not only denied the plaintiff's account, but presented a counterclaim for several hundred dollars, comprising many items. The items in each account were very numerous. Those in plaintiff's account cover 33 printed pages of the present record, and those in the defendant's account cover 5 pages. The evidence was taken before a referee. At the hearing before the referee, the parties stipulated quite liberally. The defendant admitted the plaintiff's account, with certain specific reservations. Likewise, the plaintiff admitted the defendant's counter account,

with certain specific reservations. Dispute was reserved over certain alleged credits claimed by each party.

The report of the referee indicated a painstaking consideration of the evidence. The defendant complains of important items in such report. We shall not deal with these *seriatim*. One contention by the defendant was that the plaintiff had agreed to furnish him a certain grade of lumber at certain agreed prices, and that such prices were exceeded in plaintiff's statement of account. The dispute thus presented makes an item of $229. It is enough to say that the testimony of the parties was contradictory as to this contention on the part of defendant. The plaintiff's denial was corroborated by the fact, shown by undisputed evidence, that the prices claimed by the defendant were less than the wholesale price at which the plaintiff could have purchased such lumber at the time the alleged promise was made. Clearly, therefore, we would not be justified in interfering with the report of the referee at this point. After a careful reading of the evidence in the record, and of the referee's report, we see no proper reason for interfering with such report as to any other of the items in dispute. The report was duly approved by the trial court, and it has the full effect before us of the verdict of a jury and a judgment of the trial court thereon.

We do not overlook that there is a suggestion in the statement of facts and in the brief points to the effect that the court was not warranted in making a compulsory reference of these mutual accounts to a referee. The subject is not further referred to by appellant, in his extended argument or otherwise. The record fails to indicate that the reference was compulsory, and this is doubtless the reason that the subject was not pressed in argument. We have no occasion, therefore, to consider the question whether a compulsory reference could properly have been made. We find nothing in the record which would justify a reversal of the judgment below. It is, therefore,—*Affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.